■ 31 West 47th Street Co. et al., Respondents, v Gus Bevona, on Behalf of Trustees of Local 32B-32J, Service Employees International Union, AFL-CIO, Pension Fund, Annuity Fund and Health Fund, Appellant. [625 NYS2d 566] —Judgment (denominated order) of Supreme Court, New York County (Beatrice Shainswit, J.), entered December 27, 1993, which granted the petition to stay arbitration, unanimously reversed, on the law, with costs, the petition is denied, and petitioners are directed to submit to arbitration.

Prior to 1990, petitioner 31 West 47th Street Co. ("31 West"), the owner of a commercial building in Manhattan, was a member of the Realty Advisory Board on Labor Relations ("RAB"), an organization which represents realty owners

in multi-employer collective bargaining with respondent Local 32B-32J, AFL-CIO ("Union"). This Union has more than 70,000 members employed in the building service industry throughout New York City, Long Island and New Jersey. Petitioner Lipton is apparently a partner in 31 West.

On December 29, 1989, the RAB and the Union reached a collective bargaining agreement covering building service workers employed in commercial buildings in the New York metropolitan area. 31 West was bound to the terms of this Agreement by virtue of its membership in the RAB and its designation of the RAB as collective bargaining representative for its building service employees. Article VIII of the Agreement contained a broad arbitration provision.

While the Agreement had an expiration provision that "[t]his agreement shall continue in full force and effect up to and including December 31, 1992," paragraph 4 of Article XX contained the following language, sometimes referred to as an "Evergreen Clause":

"Upon the expiration date of this agreement, the same shall continue in full force and effect for an extended period until a successor agreement has been executed. During the extended period, all terms and conditions shall be in effect and the parties shall negotiate for a successor agreement retroactive to the expiration date. All provisions and improvements in such successor agreement shall be retroactive unless such agreement shall otherwise provide.

"In the event the parties are unable to agree upon the terms of a successor agreement, either party upon three (3) days written notice to the other party may cancel this agreement." Thus, it was the express intention of the parties that the Agreement was to remain in full force and effect after December 31, 1992 until a successor agreement was negotiated, or until either the Union or 31 West had given three days written notice of cancellation. 31 West, although purporting to withdraw from the RAB, never gave the Union written notice of cancellation.

Effective January 1, 1993, 31 West stopped remitting membership benefit fund contributions to the Union, which were required under the terms of the Agreement. Some ten months later, the Union sent a notice of intention to arbitrate 31 West's alleged breach of its contribution obligation. 31 West responded by petitioning to stay the proposed arbitration, asserting that the Agreement had expired, and that the

building service workers employed at the premises had re-signed from the Union.

Had 31 West sought to terminate its status under the Agreement, it would have been required to give the Union a three-day notice of cancellation. It is undisputed that 31 West did not comply with this condition precedent to effective termination.

In erroneously granting a stay of arbitration, the IAS Court overlooked the plain meaning and effect of the Evergreen Clause, as well as the basic principle that where there is a broad arbitration provision, the issue of whether the acts or conduct of the parties may have terminated, modified or renewed the Agreement is properly for the arbitrator to decide (*Modern Sheet Metal Supply Co. v Wolf*, 61 AD2d 966, 967; *see also, Nolde Bros. v Bakery Workers*, 430 US 243).

There is no merit to the claim by 31 West that the resignation from the Union of its three member employees decisively removed this dispute from arbitration jurisdiction. Under the terms of the Agreement, all 31 West employees remained "covered" by the Agreement by reason of their employment activity, irrespective of their "union" or "non-union" status (*see, Clark v Ryan*, 818 F2d 1102; *cf., Bevona v Galbreath-Ruffin Corp.*, 690 F Supp 234, *affd* 867 F2d 1423). Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.