■ ROBIN COURT CONDOMINIUM, Appellant, v LOCAL 32B-32J, S.E.I.U., AFL-CIO, Respondent. [642 NYS2d 244] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 28, 1994, which denied petitioner's application seeking a preliminary injunction pursuant to CPLR 7503 (b) staying an arbitration and dismissed the petition, unanimously affirmed, without costs.

The IAS Court properly deferred to the arbitrator the question of whether the conduct of the parties terminated, modified or renewed their collective bargaining agreement. The parties' agreement, which had by its own terms expired, contained a broad arbitration provision and an "evergreen clause", which provided that the agreement was to remain in full force and effect until a successor agreement had been executed or until either party had given 10 days' written notice of cancellation (*31 W. 47th St. Co. v Bevona*, 215 AD2d 152, 153). The role of the court in deciding questions of arbitrability is limited to whether the parties entered into a valid arbitration agreement, and if so, whether the subject matter in dispute falls within the scope of the arbitration provision (*Board of Educ. v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167, 171).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ.